JAMES FORD *vs.* COCHRANE CHEMICAL COMPANY.

Middlesex.     January 11, 1911. — March 7, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

At the trial of an action by an employee against his employer for personal injuries resulting from the falling upon the plaintiff of a derrick, there was evidence tending to show that a guy rope upon the derrick stood the principal strain when a weight of thirty-five hundred pounds was being lifted, that the guy rope was fastened to the top of the mast of the derrick by a hook hitched into an eyebolt five eighths of an inch in diameter, which passed through the mast and was held there by a nut, that the strain on the mast was toward one side of it and that because of the strain the bolt broke just inside of the mast; and experts testified that the method used by the defendant to support the mast was improper and stated in detail a proper method. *Held,* that the jury were warranted in finding that the defendant was negligent.

TORT for personal injuries received by the plaintiff, as stated in the opinion, while in the defendant's employ. Writ dated September 14, 1909.

In the Superior Court the case was tried before *Hardy*, J. The material parts of the evidence are stated in the opinion. At the close of all the evidence, the defendant asked the presiding judge " to rule that there was no evidence of negligence . . . for the jury and to order a verdict in its favor." The judge refused so to rule. There was a verdict for the plaintiff; and by agreement of parties the judge reported the case for determination by this court.

*H. C. Sawyer*, for the defendant, submitted a brief.

*P. F. Spain*, (*F. R. Mullin* with him,) for the plaintiff.

KNOWLTON, C. J. This is an action brought against the plaintiff's employer for negligence in the use of a derrick which fell upon the plaintiff and injured him. No question in regard to the plaintiff's care was definitely raised at the trial, and the evidence on that part of the case well warranted a finding in his favor.

The defendant contends that there was no evidence of negligence on the part of the defendant. It was an undisputed fact that the derrick fell while in use in raising an iron pipe weighing about thirty-five hundred pounds, and that, if it had been properly constructed and used, it would not have been likely to fall. The guy rope upon which was the principal strain while the pipe was being raised was fastened to the top of the mast of the derrick by a hook, hitched into an eyebolt five eighths of an inch in diameter, which passed through the mast and was held there by a nut. The evidence tended to show that the strain upon the bolt was towards one side of it, and that this caused it to break off just inside of the surface of the mast. Experts testified that this was an improper method of supporting such a mast, and that there ought to have been an iron band about the mast, with links into which the guy ropes could be hooked, or some other similar arrangement whereby the strain upon the rope would be communicated directly to the body of the mast, and not draw diagonally upon a small eyebolt.

The defendant, through its officers and superintendent, was legally responsible for the use of the derrick in the condition and in the manner in which it was used. There was evidence to warrant a finding that the defendant was negligent.

*Judgment on the verdict.*